John W. DYCE, Eldridge Cobb, Art I. Dumond, Dennis L. Ellingson, Paul A. Green, James R. Himes, Charles P. Lynch, Jack G. Maltese, David E. Merritt, George F. Mulkins, Ernest Riesen, Edwin R. Waters, William Wright, Plaintiffs–Appellants,

v.

SALARIED EMPLOYEES' PENSION PLAN OF ALLIED CORPORATION, Defendant–Appellee.

No. 92–2635.

United States Court of Appeals, Eleventh Circuit.

March 1, 1994.

John Finlay MacLennan, Smith, Hulsey & Busey, Jacksonville, FL, for plaintiffs-appellants.

John Firth Dickinson, Corbin, Dickinson, Duvall & Margulies, Jacksonville, FL, for defendant-appellee.

Before COX, Circuit Judge, MORGAN and HENDERSON, Senior Circuit Judges.

MORGAN, Senior Circuit Judge:

Appellants brought this action pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA") after Appellants applied for and were denied immediate early retirement benefits. Appellants contend that the sale of their employer to a separate entity terminated their employment for purposes of early retirement benefits, even though they continued to work for the new entity. Appellants argue further that an amendment to the pension plan that bases eligibility for retirement benefits on termination from the new employer could not be retroactively applied. The district court entered summary judgment in favor of the plan sponsor. We AFFIRM.

## BACKGROUND

The appellants were employed until January 6, 1989, by Ignition Products Corporation

---

3. Sentencing Guidelines became effective November 1, 1987.

("Ignition Products"), which at that time was a wholly owned subsidiary of Allied–Signal Incorporated ("Allied"). As of January 6, 1989, all appellants were participants in the Salaried Employees' Pension Plan of Allied Corporation ("Plan"), which is a defined benefit plan within the meaning of § 3(35) of ERISA, 29 U.S.C. § 1002(35). On January 6, 1989, Ignition Products was merged into Unison Industries Limited Partnership ("Unison") and Allied transferred all of its shares in Ignition Products to Unison.[1] All of the appellants who were employed with Ignition Products prior to January 6 continued their employment without interruption at Unison after January 6.

The Plan in effect as of January 6, 1989, allowed reduced pension benefits for participants who took early retirement as provided in Article IV, § 1:

(c) each person who is a Participant may elect to retire on or after age 55 but prior to Normal Retirement Date, and if such person either has at least ten years of Eligibility Service or at least five years of Service ... the person shall become entitled to a Pension hereunder....

(d) each person who is a Participant may elect to retire at any time after which the sum of age and Service first equals or exceeds 80, and shall become entitled to a Pension hereunder....

Pursuant to the merger agreement between Allied and Unison, Allied retained liability under the Plan for benefits of Ignition Products employees not eligible to retire or not already retired as of January 6, 1989. Allied purchased a group annuity contract to cover their liability and assigned it to Unison. The merger agreement also provided that employees eligible to retire as of the date of the merger but who continued their employment with Unison would be eligible for Plan benefits as of the date they terminated their employment with Unison.

In order to effectuate the intentions of the parties as expressed in the merger agreement, Allied amended Schedule B of the Plan, effective January 6, 1989, through formal action taken on August 9, 1989. Specifically, Section 23 was added to Schedule B, entitled "Divestiture of Ignition Products", which provided:

Those participants who are eligible at the divestiture date for retirement under Article IV, § 1(c) or § 1(d) ..., but who do not elect prior to the divestiture date to elect retirement under such sections, will, upon their termination of employment with Unison, be entitled to payment of retirement benefits ...

The amendment also allowed "bridging" of eligibility for those participants who were within two years of eligibility for retirement under Article IV, § 1(c), or within three years of eligibility for retirement under Article IV, § 1(d).

After January 7, 1989, all of the appellants applied for immediate payment of early retirement benefits, which were denied by the Plan administrator.[2] The sole basis for denying the appellants' claims for benefits was the language of the § 23 amendment to the Plan, making participants ineligible for immediate payment of early retirement benefits as long as they were employed by Unison.

After exhausting the claims review procedure provided for in the Plan, the appellants filed the instant action. The district court granted summary judgment in favor of the Plan and this appeal followed.

### STANDARD OF REVIEW

Our review of the district court's grant of summary judgment is plenary. With respect to the Plan's denial of pension benefits, we apply an arbitrary and capricious standard of review. *Firestone Tire and Rubber Co. v.*

---

**1.** The record is not clear as to exactly what were the mechanics of the sale of Ignition Products to Unison. However, both parties agree that Unison is not an affiliated company of Allied for purposes of the Plan.

**2.** A Finance and Pension Committee, identified in the Plan as the Named Fiduciary, exercised control over the administration, management and disposition of the plan. The Committee had the power to appoint, at its discretion, a plan administrator to exercise its powers and functions with respect to interpretation and administration of the Plan.

*Bruch,* 489 U.S. 101, 115, 109 S.Ct. 948, 956, 103 L.Ed.2d 80 (1989).

## DISCUSSION

■ The appellants contend that the amendment to the pension plan, formerly adopted in August of 1989, cannot be applied retroactively so as to deny benefits to appellants who were retired from the Plan as of January 6, 1989. Relying on the Plan's definition of retirement,[3] the appellants argue that the merger terminated their employment with Allied, and therefore they were technically "retired" for purposes of the Plan. Since they were no longer employed by Allied or an affiliated company, the appellants contend that they were entitled to immediate early retirement benefits. Further, the appellants assert that it was arbitrary and capricious to deny appellants' claims based upon a condition not set forth in the Plan at the time of retirement. Initially, we will address whether it was proper for the Plan administrator to retroactively apply the § 23 amendment to appellants' applications for pension benefits. If it was proper to apply the amendment retroactively, then we cannot say that the denial of benefits was arbitrary and capricious.

The appellants contend that the § 23 amendment, which requires termination of employment with Unison in order to qualify for retirement benefits, may not be applied retroactively if the effect is to deprive participants of benefits to which they would otherwise be entitled. The appellants argue that the Plan, as it existed at the time of the merger, is controlling on their applications for early retirement benefits. The appellants contend that denial of their claims based on a standard that was not contained in the terms of the Plan amounts to an arbitrary and capricious decision. *See Blau v. Del Monte Corporation,* 748 F.2d 1348 (9th Cir.1984).

ERISA mandates that employee benefit plans subject to its requirements be administered "in accordance with the documents and instruments governing the plan." ERISA § 404(a)(1)(D), 29 U.S.C. § 1104(a)(1)(D). However, both ERISA and the implementing regulations provide rules governing how amendments are to be made and what notice must be given. In fact, the regulations interpreting ERISA specifically provide that a modification or amendment to a pension plan may be retroactively applied:

> The plan administrator shall furnish this summary ... not later than 210 days after the close of the plan year in which the modification or change was adopted. This disclosure date *is not affected by retroactive application to a prior plan year of an amendment which makes a material modification to the plan.*

29 C.F.R. § 2520.104(b–3)(a) (emphasis added). Further, the Plan itself reserves the right "to modify, amend, suspend or terminate, in whole or in part, any or all of its provisions."

The appellants argue that retroactive application of an amendment to participants who have retired cannot be used to deny benefits to which those participants would otherwise have been entitled to as of the date of their retirement. *See Donovan v. Dillingham,* 688 F.2d 1367, 1367 (11th Cir.1982) ("Congress intended ERISA to protect working men and women from abuses in the administration ... of private retirement plans."); *Amato v. Western Union Int'l, Inc.,* 773 F.2d 1402, 1409 (2d Cir.1985) (Employers are specifically prevented by ERISA "from pulling the rug out from under promised retirement benefits upon which his employees had relied during their long years of service.").

In this case, the benefits to which the appellants are entitled have not been reduced or eliminated. Every participant who was eligible to retire and receive benefits before

**3.** The Plan contained the following definitions: 'Retirement' is defined as 'termination of employment of a participant pursuant to Article IV hereof.'
'Employment' is defined as 'the status of being an employee as defined herein.'

'Employee' means 'any person, including any officer not including any director as such, employed by the company or an affiliated company for a fixed compensation ... '

the divestiture date was still eligible for those same benefits after the merger. The timing of the receipt of benefits is entirely up to each participant, based on when she elects to retire. The appellants' take the position that retirement is self-executing. To the contrary, the plain language of the Plan requires that a participant "elect to retire." Prior to the merger a participant could have elected to retire and immediately begun to receive early retirement benefits. After the merger and the effective date of the amendment, the same choice was available to each appellant.

The merger agreement between Allied and Unison contemplated that employees eligible to retire as of the date of the merger, but who elected to continue employment with Unison, would be eligible for Plan benefits as of the date they terminated their employment with Unison, rather than the date they terminated their employment with Ignition Products. Unison stepped into the shoes of Allied, as employer, for purposes of the plan. As part of the merger agreement, both Allied and Unison contemplated that only current employees of Ignition Products as of the date of the merger would be employed by Unison. If any of the appellants had elected to retire prior to the merger, it is merely speculation whether Unison would have hired them after the merger. Nevertheless, each appellant could have elected to retire prior to January 6, sought employment with Unison or a third company, and still received early retirement benefits. That option is still available to all of the appellants. There is nothing to prevent the appellants from terminating their employment with Unison now, collecting early retirement benefits, and then seeking reemployment with Unison or a third company.

Both the Plan and applicable regulations permit employee benefit plans under ERISA to be amended, not only prospectively, but also retroactively. In this case, retroactive application of the § 23 amendment does not deprive participants of a benefit to which they would otherwise be entitled. Therefore, we conclude that the amendment was properly applied retroactively to January 6, 1989.

In determining whether the denial of the appellants' claims was arbitrary and capricious, "the function of the court is to determine whether there was a reasonable basis for the decision, based upon the facts as known to the administrator at the time the decision was made." *Jett v. Blue Cross and Blue Shield of Alabama*, 890 F.2d 1137, 1139 (11th Cir.1989). Since it was proper to apply the § 23 amendment retroactively to the appellants applications, it must be considered one of the terms of the Plan in effect at the time of the divestiture. Therefore, the plan administrator had a reasonable basis for denying the appellants claims for benefits. In fact, the plain language of the Plan, based on the amendment, requires that early retirement benefits be denied as long as the appellants are employed by Unison.

For all of the forgoing reasons, the judgment of the district court is AFFIRMED.